ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 JUL -8 P 1: 12
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ELBERT WILLIAMS, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV 311-025 |
| JOHNSON STATE PRISON, | ) | |
| Defendant. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 11). In his R&R, the Magistrate Judge recommended that Plaintiff's case be dismissed based on Plaintiff's dishonesty in failing to disclose prior lawsuits brought in federal court under penalty of perjury. (Doc. no. 8.) Specifically, the Magistrate Judge found that Plaintiff had filed at least three prior cases in federal court pursuant to 42 U.S.C. § 1983- two of which were dismissed for failure to state a claim under 28 U.S.C. § 1915A, and therefore count as "strikes" under the "three strikes" provision of § 1915(g).

In his objections, Plaintiff, with the aid of a fellow inmate, requests that the Court not dismiss the above-cited case based on dishonesty, but rather allow Plaintiff to voluntarily dismiss his complaint so that this case will not count as a strike pursuant to § 1915(g). (Doc. no. 11, pp. 3, 6-7.) Plaintiff argues that he did not intentionally commit perjury, but rather implies that his mental illness, medication, and illiteracy impaired his ability to recall his

prior cases that had been dismissed for failing to state a claim. (Id. at 2-3.) Plaintiff also claims that he does not understand the difference between cases brought pursuant to habeas corpus provisions and those brought pursuant to 42 U.S.C. § 1983. (Id. at 7.)

Despite Plaintiff's claims of impairment and plea for voluntarily dismissal, the Court notes that Plaintiff managed to file multiple documents with the Court, including a complaint and an amended complaint, both of which contained clearly delineated claims for relief. (See doc. nos. 1, 3.) Plaintiff also responded in a timely and effective manner to the Court's instructions in its April 25, 2011 Order, which granted him permission to proceed *in forma pauperis*. (See doc. nos. 5, 6, 7.) In that same Order, Plaintiff was given an opportunity to voluntarily dismiss his complaint pursuant to Fed. R. Civ. P. 41(a)(1) and not be subjected to a "strike" under 28 U.S.C. § 1915(g). (Doc. no. 5, pp. 2-3.)

However, Plaintiff chose to proceed with his case. On May 16, 2011, the Magistrate Judge reviewed Plaintiff's complaint in conformity with the *in forma pauperis* statute and, as stated above, recommended that Plaintiff's case be dismissed based on Plaintiff's dishonesty in failing to disclose prior lawsuits brought in federal court under penalty of perjury. (Doc. no. 8.) As stated, *supra*, Plaintiff's current objections were drafted with the aid of a fellow inmate, Randall Bingham, who states in the objections that he encouraged Plaintiff to seek advice regarding the three strike provision of § 1915(g), but Plaintiff only sought Bingham's help once he received a copy of the Magistrate Judge's R&R. (Doc. no. 11, p. 2.) Thus, as it is clear that Plaintiff is capable of communicating with the Court, was given an opportunity by the Court to voluntarily dismiss his case, and was also advised by a fellow inmate regarding the need to understand the requirements of § 1915(g) before filing

2

his complaint, Plaintiff's objection requesting to voluntarily dismiss his case based on mental health issues is **OVERRULED**.

Plaintiff also objects that one of the cases that the Magistrate Judge determined to be a strike under 28 U.S.C. § 1915(g), Williams v. Humphrey, CV 110-4097 (N.D. Ga. Dec. 28, 2010), is not a strike because it was a habeas corpus action. (Doc. no. 11, pp. 3-4.) However, a review of the order dismissing that case makes it clear that the action was filed pursuant to 42 U.S.C. § 1983, and dismissed for failure to state a claim, thus counting as a strike under § 1915(g). Williams, CV 110-4097, doc. no. 2 (N.D. Ga. Dec. 28, 2010). Thus, this objection is without merit and is **OVERRULED**. Plaintiff's remaining objections are also without merit, and are likewise **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's action is **DISMISSED** without prejudice as a sanction for Plaintiff's abuse of the judicial process, and this case is **CLOSED**.

SO ORDERED this 8th day of July, 2011, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

3